UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLYN WRIGHT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a foreign profit corporation,<br><br>Defendant. | NO. 2:22-cv-00877<br><br>(KING COUNTY SUPERIOR COURT NO. 22-2-03620-6 KNT)<br><br>NOTICE OF REMOVAL BY DEFENDANT WALMART INC.<br><br>***(CLERK'S ACTION REQUIRED)*** |

TO:   CLERK OF THE COURT;

TO:   PLAINTIFF CAROLYN WRIGHT; AND

TO:   COUNSEL FOR PLAINTIFF.

## I. RELIEF REQUESTED

Defendant WALMART INC. ("Walmart") seeks to remove the above-captioned case from King County Superior Court in Washington State to the United States District Court for the Western District of Washington at Seattle under 28 U.S.C. §§ 1332, 1441, and 1446.

## II. STATEMENT OF FACTS

1.   Underlying Incident

Plaintiff Carolyn Wright ("Plaintiff") alleges that she slipped on a "pile of goop" while he was shopping at a Walmart store in Federal Way, Washington, on May 17, 2021. *See* Declaration of Gabrielle Lindquist, Esq., attached hereto as **Exhibit A** (describing/attesting to

NOTICE OF REMOVAL BY DEFENDANT
WALMART INC. - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7608036.1

1  exhibits); *see also* Complaint, attached hereto as **Exhibit B**.

2        2.    Relevant Procedural Facts

3      Plaintiff filed a Complaint in the Superior Court of Washington for King County on March 14, 2022. *See* Ex. B. There are no specific allegations or representations pertaining to damages in the Complaint (no amounts claimed). *See id.* On March 16, 2022 Walmart was served.

    On April 15, 2022, Walmart served an RCW 4.28.360 Request for Statement of Damages on Plaintiff. *See* Pl.'s Response to Walmart's Request for Statement of Damages, attached hereto as **Exhibit C**. Plaintiff served a response on June 14, 2022, wherein Plaintiff claimed special and general damages of approximately $580,556.53. *See id.*

### III. STATEMENT OF ISSUE

Whether this case may be properly removed to federal court where there is total diversity between the parties and the amount in controversy is in excess of $75,000 exclusive of interest and costs according to Plaintiff's response to Walmart's Request for Statement of Damages.

### IV. EVIDENCE RELIED UPON

This motion is based upon the records and pleadings on file with the Court, as well as the Declaration of Gabrielle Lindquist, Esq., attached hereto as Exhibit A.

### IV. ARGUMENT

A.   <u>This Case Is Removable Under 28 U.S.C. § 1332, Through Which This Court Has Original Jurisdiction Over The Lawsuit Filed by Plaintiff In King County Superior Court</u>

The district courts shall have original jurisdiction of all civil actions (1) where the parties in the case are diverse as defined by 28 U.S.C. § 1332(a)(1)-(4); (2) where the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs; and (3) where removal is timely. The amount in controversy can either be evident "on the face" of the

NOTICE OF REMOVAL BY DEFENDANT
WALMART INC. - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7608036.1

Complaint or ascertained via some later pleading(s) or "other paper" in the record of the state court proceeding. *See* 28 U.S.C. § 1446(b)(3); *see also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (2005).

When and how removability is "ascertainable" matters with respect to whether removal is timely under 28 U.S.C. § 1446. There are, generally speaking, two viable "removal periods." *See Harris*, 425 F.3d at 694. [1] A defendant has 30 days to remove a case if the removability of the case is evident on the face of the complaint; or [2] a defendant has 30 days beyond some later period from which it first becomes ascertainable that the case is removable. *See id.* ("[T]he first thirty-day requirement [to remove] is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives ['other paper'] from which it can ascertained…that removal is proper.") (citations omitted).

In this case, (1) diversity between the parties is evident on the face of the Complaint; (2) the fact that the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs was not evident on the face of the Complaint, but *is now* evident from Plaintiff's response to Walmart's Request for Statement of Damages; and (3) insofar as Walmart is filing this Notice of Removal within 30 days of service of receiving the aforementioned response, Walmart's Notice is timely and this case may be properly removed under 28 U.S.C. §§ 1446(b) and 1332.

1. <u>There Is Diversity Between The Parties</u>

Per the Complaint, Plaintiff is a resident of King County, Washington. *See* Ex. B at ¶1.1. Thus, Plaintiff is a "citizen of" the state of Washington. Walmart Inc. is (a) incorporated in Delaware and (b) its principal place of business is in Arkansas. Thus, Walmart is "a citizen of" either Delaware or Arkansas, but not Washington. *Accord* 28 U.S.C. § 1332(c)(1). Based

NOTICE OF REMOVAL BY DEFENDANT
WALMART INC. - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7608036.1

on the foregoing, there is diversity between these parties as described in 28 U.S.C. § 1332(a)(1).

  2. <u>The Amount In Controversy Exceeds The Sum Or Value Of $75,000</u>

Per Plaintiff's response to Walmart's Request for Statement of Damages, the amount in controversy in this matter is in excess of $580,000.  *See* Ex. C.

  3. <u>Walmart's Notice Of Removal Is Timely</u>

In this matter, the case stated by the initial pleading was not removable (no specific amounts claimed in Complaint); however, Plaintiff's response to Walmart's Request for Statement of Damages constitutes "other paper" within the meaning of 28 U.S.C. § 1446 from which it could first be ascertained that this case is removable.[1]  As this Notice is being filed within 30 days of receipt of that response/"other paper," this Notice is timely.[2]

B. <u>Walmart's Notice Of Removal Complies With All Applicable Local And Federal Procedural Rules Attendant To Removal</u>

  1. <u>This Notice Complies With Applicable Local And Federal Rules</u>

Pursuant to LCR 101(b), in cases removed from state court, the removing defendant shall file contemporaneously with the notice of removal:

> (1) A copy of the operative complaint, which must be attached as a separate "attachment" in the electronic filing system and labeled as the "complaint" or "amended complaint."
>
> (2) A certificate of service which lists all counsel and pro se parties who have appeared in the action with their contact information, including email address.
>
> (3) A copy of any Jury Demand filed in the state court, which must be filed as an attachment and labeled "Jury Demand."

---

[1] "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, ***or in responses to discovery, shall be treated as an 'other paper'*** under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A) (emphasis added)

[2] Walmart received Plaintiff's response to its Request for Statement of Damages on June 14, 2022, and is filing this Notice of Removal on June 22, 2022.

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 4

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7608036.1

1 In addition to the foregoing, the removing defendant(s) shall, within 14 days of filing this Notice, or contemporaneously, file with the clerk of this Court black-on-white copies of all additional records and proceedings in the state court, together with verification that they are true and complete copies.  LCR 101(c).

Walmart has filed and/or otherwise provided true and complete copies of all of the above referenced documents as required under local rules, including copies of all records and proceedings filed in the state court proceeding being removed by virtue of this petition.  These documents/exhibits constitute and contain the entirety of the records and proceedings filed in King County Superior Court as of the date of filing this Notice. True and complete copies of all pleadings, records, and documents filed in the state court action are also attached hereto as **Exhibit D**.

2. <u>Both The Federal And State Courts Are On Properly Notice Of This Removal Action</u>

This Notice is properly filed in the United States District Court for the Western District of Washington because this Court embraces King County, the county in which the state court action is now pending.  *See* 28 U.S.C. §§ 128(b) and 1441(a).

Pursuant to 28 U.S.C. §§ 1446(d), Walmart is filing a copy of this Notice with the Clerk of the King County Superior Court and is also serving a copy of this Notice on Plaintiff's counsel of record in the state court action.

V.  <u>CONCLUSION</u>

Walmart hereby removes this matter from the King County Superior Court to the United States District Court for the Western District of Washington at Seattle pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  By seeking removal, Walmart does not waive any defenses, including but not limited to lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process.

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7608036.1

| | |
|---|---|
| 1 | DATED this 22nd day of June, 2022. |
| 2 | WILLIAMS, KASTNER & GIBBS PLLC |

*/s/Gabrielle Lindquist*
Rodney L. Umberger, WSBA No. 24948
Eddy Silverman, WSBA No. 53494
Gabrielle Lindquist, WSBA No. 57177

Two Union Square
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: 206.628.6600
Fax:    206.628.6611
Email: rumberger@williamskastner.com
       esilverman@williamskastner.com

***Counsel for Defendant Walmart Inc.***

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7608036.1

# **CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on the date indicated below, I caused service of a true and correct copy of the foregoing document in the manner indicated below to:

| | |
|---|---|
| CERTA LAW GROUP<br><br>Pellegrino L. Certa, WSBA No. 25903<br>Cheryl J. Farrish, WSBA No.: 41698<br>320 Dayton Street, Suite 260<br>Edmonds, WA 98020<br>Tel: 206-838-2500<br>pcerta@certalaw.com<br>cfarrish@certalaw.com<br><br>*Counsel for Plaintiff* | ☑ USPS<br>☑ E-mail |

Signed at Seattle, Washington this 22nd day of June, 2022.

WILLIAMS, KASTNER & GIBBS PLLC

*/s/Ryan McDade*
Ryan McDade, Legal Assistant
rmcdade@williamskastner.com

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7608036.1